### THE PEOPLE, etc.

### v.

### BIGGERS McFARLAND.

1. RECOGNIZANCE — DEFAULT — SURRENDER OF PRINCIPAL.—In an action against a surety upon a recognizance, a plea that the surety surrendered his principal, and confessing the cause of action as to costs upon the default, is not good, because it does not aver that the principal had been surrendered before there had been a default on the recognizance.

2. JOINT JUDGMENT.—Separate judgments for different amounts cannot be rendered against defendants severally, when sued in a joint action upon a joint contract, and all served with process. So, judgment cannot be rendered against a surety on a recognizance for costs only, and against the principal for penalty and costs. Both are erroneous.

ERROR to the Circuit Court of Hardin county; the Hon. JOHN DOUGHERTY, Judge, presiding. Opinion filed October 6, 1881.

Mr. L. F. PLATER, for plaintiff in error; that the surety must surrender his principal before default upon the recognizance, if he would be exonerated, cited Rev. Stat. 1874, 397, § 310; Wray v. The People, 70 Ill. 664.

Prior to 1869, courts had no authority to release a principal, much less a surety, from recognizance under such circumstances: Weese v. The People, 19 Ill. 643; Wray v. The People, 70 Ill. 664.

The default on the recognizance being admitted by defend-

ant by his confession as to costs, his liability as to the penalty is fixed: Stevens v. Hay, 61 Ill. 400.

A plea in *scire facias* that the sureties surrendered their principal after forfeiture and before judgment on the *sci. fa.*, is erroneous: Hengsleben v. The People, 89 Ill. 164.

Messrs. Morris & Boyer, for defendant in error; that a surety may surrender principal before default, but will be liable for payment of all costs, cited Hengsleben v. The People, 89 Ill. 164; Rev. Stat. 1874, 397, § 308.

If defendant was not required to pay costs, the plaintiff cannot complain, for it is an error which does him no injury, and cannot be assigned for error: Schlanker v. Risley, 3 Scam. 483; McQuoid v. The People, 3 Gilm. 76; Moore v. Moss, 14 Ill. 106; Erlinger v. The People, 36 Ill. 458.

This being a trial by the court without a jury, the presumption will be indulged that evidence was heard under the unanswered pleas, the same as if issues had been formed on them: Kelsey v. Lamb, 21 Ill. 559; Robinson v. Brown, 82 Ill. 279.

Where a party demurs, and afterwards consents to a trial without disposing of the demurrer, it will be considered as waived: Williams v. Baker, 67 Ill. 238; Parker v. Palmer, 22 Ill. 489; Gililan v. Nixon, 26 Ill. 50.

Presumptions are always in favor of the regularity of proceedings in suits at law, and the party alleging error must show it by the record: St. L. & L. E. Ry. Co. v. Wheelis, 72 Ill. 538; I. & St. L. R. R. Co. v. Miller, 62 Ill. 468; Kern v. Strasberger, 71 Ill. 303.

The rule of recovery upon joint contracts, is that a judgment against one or more is a bar to another action upon the same contract: Moore v. Rogers, 19 Ill. 347; Powell v. Kettele, 1 Gilm. 491; Wann v. McNulty, 2 Gilm. 335; Thompson v. Emmert, 15 Ill. 415; Freeman on Judgments, § 235; Beltzhower v. Com'th, 1 Watts 126; Williams v. McFall, 2 S. & R. 280.

A writ of error is a new and original suit, and original process must issue and be served to give this court jurisdiction:

The People v. McFarland.

Taylor v. Boyd, 3 Ohio, 354; Ripley v. Morris, 2 Gilm. 381; Hickman v. Haines, 5 Gilm. 20; Roberts v. Fahs, 32 Ill. 474.

CASEY, P. J.    On the first day of November, A. D. 1876, the defendants in error entered into a recognizance for the appearance of the defendant Wilson at the next term of the Hardin County circuit court, to answer to the charge of an assault with intent to commit murder.    At the April term of said court, 1877, the cause was continued.    At the October term of said court, A. D. 1877, Wilson failed to appear.    A forfeiture of the recognizance was taken, a *scire facias* ordered, which was duly issued, returnable to the April term of said court, A. D. 1878.    The return on the writ shows service upon defendant McFarland, and not found as to the defendant Wilson.

On the 4th day of the said April term the defendant McFarland filed nine pleas.    A demurrer was sustained to the 1st, 4th, 5th, 6th, and 7th pleas.    The 7th plea averred in substance that the defendant had surrendered his principal, the said Wilson, in open court, on the 1st day of the April term of said court, A. D. 1877, in full satisfaction of the recognizance, etc.    On the 11th day of the term, the defendant in error filed an additional plea, averring substantially that on the 10th day of April, 1878 (which was the day before filing the plea), he had surrendered the said Wilson in open court, in full satisfaction of said recognizance except the costs, which are confessed, etc.    To this plea plaintiff in error filed a demurrer.

The record does not show what, if any, disposition was made of the demurrer; but it appears that defendant McFarland confessed the cause of action as to costs, and the plaintiff admitted the surrender of defendant Wilson as in said plea alleged.    Whereupon the court of its own motion entered judgment against defendant McFarland for costs only, discharging him from any further liability on the forfeited recognizance; and at the same time the cause as to the defendant Wilson was continued to the next term of said court.

At the October term of the said circuit court, A. D. 1878, defendant Wilson made default, and a judgment was rendered

against him, for the sum of seven hundred dollars, the penalty named in the bond and the costs of the suit. The case is brought to this court by a writ of error. The second, third, and fourth errors assigned are as follows:

2. The court erred in not hearing and sustaining the demurrer of plaintiff in error to the 10th plea.

3. The court erred in entering final judgment for costs and awarding execution therefor in favor of plaintiff in error.

4. The court erred in discharging defendant McFarland from the penalty of his recognizance, before Alexander Wilson; the principal therein was discharged.

It is not considered necessary to discuss other errors assigned. The first question is: Did the 10th additional plea show a legitimate defense to the cause of action? Section 304, Chap. 38 Underwood's Revision of the Statute, provides that in all cases of bail for the appearance of any person charged with a criminal offense, his sureties, or any of them, may at any time before default upon the bond or recognizance, surrender the principal in their exoneration, or the principal may surrender himself to the proper officer. The plea is not good, and it was no defense under this section of the statute, because it did not aver that the principal, Wilson, was surrendered by his surety before there had been a default on the recognizance.

The latter part of section 310 of the same chapter provides that before judgment the court may, in its discretion, set aside such forfeiture, upon the accused being brought or coming into open court and showing to the court by affidavit that he was unable to appear in court according to the terms of the recognizance, by reason of sickness or some other cause, which shall satisfy the court that the accused had not been guilty of any laches or negligence, *provided,* that no such forfeiture of a recognizance shall be set aside until the accused shall pay the costs of such proceeding. The plea did not show a compliance with this section of the statute. It does not show that the principal, Wilson, was unable to appear in court according to the terms of the recognizance, by reason of sickness or for any cause whatever; neither does it show that Wilson had not been guilty of laches or negligence. The demur-

The People v. McFarland.

rer to the plea should have been sustained. It is quite immaterial whether the demurrer was disposed of or not; the averments in the plea did not constitute a defense to the action.

It is insisted by counsel for defendant McFarland, that the defendant Wilson was surrendered as alleged in the 7th plea on the first day of April, 1877, before any forfeiture of the recognizance was taken. This position is not sustained by the record. It very clearly appears that the proceedings or trial that resulted in the discharge of McFarland, except as to costs, was because of the averments on the additional or tenth plea. After the filing of that plea all former pleadings in the cause seem to have been abandoned or disregarded by both parties. Then we have seen that the judgment of the court discharging McFarland from liability, except as to costs, was erroneous. But in this case there are two judgments, one against McFarland for costs only, the other against Wilson for the penalty named in the bond and costs. The plaintiffs, as they legally might, elected to proceed against the defendants jointly, and must recover against them both, if at all. The judgment must be a unit or entirety. Kinne v. Shultz et al., Beechers Breese 169; Wright et al. v. Meredith et al., 4 Scam. 360. The proceeding is *ex contractu*.

In Gould v. Steinberg, 69 Ill. 530, the Supreme Court say: We know of no warrant in law for rendering separate judgments, for different amounts, against defendants severally, when sued in a joint action, upon a joint contract and all served with process, while the plaintiffs in error may not complain of the ruling of the court as to Wilson. Yet because, as we have seen, the judgment against McFarland for costs only is erroneous, and because the judgment must be a unit or entirety, neither one of the judgments can be sustained and both must be reversed. Therefore the judgment of the circuit court is reversed and the cause remanded, and inasmuch as there seems to be great confusion as to the pleading and formation of issues, the judge of the circuit court is directed to allow each of the parties to replead.

Reversed and remanded.